UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERRY L. DUNCAN,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No.: C08-0065 CRD<br><br>ORDER RE: SOCIAL SECURITY<br>DISABILITY APPEAL |

      Plaintiff Terry L. Duncan appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") who denied her application for Supplemental Security Income ("SSI") disability benefits under Title XVI of the Social Security Act ("SSA" or the "Act"), 42 U.S.C. sections 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court REVERSES the Commissioner's decision and REMANDS the case for further administrative proceedings.

### I. FACTS AND PROCEDURAL HISTORY

      Plaintiff is a fifty-one-year-old female, forty-two years old at the alleged disability onset date. She has a high school education and has no relevant work experience.

      Plaintiff applied for SSI in October 2003 alleging disability since June 1999. Her claim was denied initially and upon reconsideration, and she timely requested an ALJ hearing.

      A *de novo* hearing before ALJ Bauer was held on July 20, 2007. The ALJ heard testimony from a vocational expert and Plaintiff, who was represented by counsel, Sandra

ORDER - 1

Widlan, Esq. Administrative Record ("AR") at 653-90. The ALJ rendered an unfavorable decision on September 14, 2007, finding Plaintiff not disabled. Plaintiff requested review by the Appeals Counsel and review was denied, rendering the ALJ's decision the final decision of the Commissioner. 20 C.F.R. §§ 404.981, 422.210 (2006). On January 16, 2008, Plaintiff initiated this civil action for judicial review of the Commissioner's final decision.

## II. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. sections 405(g) and 1383(c)(3).

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. section 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 402 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id*.

## IV. THE DISABILITY EVALUATION

As the claimant, Ms. Duncan bears the burden of proving that she is disabled within the meaning of the Social Security Act. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if her impairments are

of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id*. If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps.

Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[1] In the present case, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset of the disability. AR at 14, Finding 1. At step two, the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities. If the claimant does not have such impairments, she is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). In this case the ALJ found Plaintiff has the severe impairments of sleep apnea, leg pain, obesity, chronic obstructive pulmonary diseases ("COPD"), and depression. AR at 14, Finding 2. If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id*. In this case the ALJ found that Plaintiff's impairments did not meet or equal the requirements of any listed impairment. AR at 15, Finding 3.

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to

---

[1] Substantial gainful activity is work activity that is both substantial, *i.e.*, involves significant physical and/or mental activities, and gainful, *i.e.*, performed for profit. 20 C.F.R. § 404.1572.

ORDER - 3

determine whether she can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). The ALJ in this case determined Plaintiff retained a physical RFC to "lift and carry 20 pounds occasionally and 10 pounds frequently, stand or walk six hours in an eight-hour workday, and sit six hours in an eight-hour workday. She can occasionally climb stairs, balance, stoop, kneel, crouch, and crawl. She should avoid excessive exposure to fumes, odors, gases, and hazards." AR at 16. The ALJ found Plaintiff has a mental functional capacity to do "simple, routine" tasks. *Id*. The ALJ next found that Plaintiff did not have any past relevant work. *Id*. at 24, Finding 5.

If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, the burden shifts to the Commissioner at step five to show the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, the claimant is found disabled and benefits may be awarded. In this case, the ALJ found that Plaintiff could perform some light unskilled work, and, based on vocational expert testimony, determined that Plaintiff retained the capacity to work at jobs such as a cashier and an office helper. AR at 24. The ALJ therefore concluded Plaintiff was not disabled as defined in the SSA. *Id*. at 25.

## V. ISSUES ON APPEAL

Plaintiff presents the following principal issues on appeal:

1. Did the ALJ err in finding Plaintiff's breast cancer a nonsevere impairment?
2. Did the ALJ err in evaluating the opinions of Plaintiff's treating and examining physicians?

Dkt. No. 11.

## VI. DISCUSSION

*A. The ALJ erred in concluding Plaintiff's breast cancer is not a severe impairment.*

Plaintiff asserts that the ALJ's finding that her breast cancer is not a severe impairment is not supported by substantial evidence. Dkt. 11 at 11. Specifically, Plaintiff assigns error to the

ORDER - 4

ALJ's finding that the impairment did not meet the SSA durational requirement of lasting for at least twelve months. Defendant argues that the ALJ only found Plaintiff's condition was "treated effectively within twelve months" and that because the chemotherapy was effective within that time, that she has not proven it was a severe impairment. The ALJ's discussion of Plaintiff's breast cancer history is as follows:

> Status-post chemotherapy for invasive ductal carcinoma of the left breast: In January 2004, the claimant was diagnosed with ductal carcinoma of the left breast. In April 2004, she began chemotherapy. In July 2004, Aimee Kohn, M.D., Ph.D., reported that the claimant was responding to chemotherapy and tolerating it adequately. Although the claimant complained of episodic nausea and fatigue, those symptoms later resolved with antiemetic medications. In late July 2004, she had her last round of chemotherapy. She reported doing well. In November 2004, she underwent a partial mastectomy. In January 2005, she underwent another resection, which demonstrated no evidence of residual cancer. On a follow-up visit later that month, David Byrd, M.D., noted that the claimant had very minimal postoperative pain and was back to near normal activity without any limitations. In February 2006, Christopher Carlsten, M.D., reviewed the claimant's file and found no evidence of any recurrence of left breast carcinoma. Given the medical evidence, the undersigned finds that the claimant's left breast carcinoma was treated effectively with chemotherapy within 12 months.

AR 15 (exhibit references omitted).

At step two, the ALJ concluded that Plaintiff's condition was resolved in less than the twelve months required by the SSA for a condition to be considered disabling. 20 C.F.R. § 416.905. The Court disagrees. The medical evidence in the record shows Plaintiff's problems resulting from her breast cancer clearly span longer than twelve months. Although Plaintiff was diagnosed with breast cancer in January 2004, the medical evidence leading up to that diagnosis dates back to August 2003. In August 2003, based on an unexplained weight loss of sixty pounds, chronic fatigue, and other symptoms, Dr. Miller recommended that Plaintiff be given "the big work-up" which is the full battery of diagnostics for discovering whether a patient has cancer. AR 221-24. Plaintiff's cancer was not officially diagnosed until January 2004. AR 324. On April 28, 2004, Plaintiff began chemotherapy. AR 265. At that time, Nurse Practitioner Lawton opined that because of the breast cancer, Plaintiff would be unable to work for twelve months. AR 229-30. Plaintiff underwent chemotherapy through November 2004. In November

2004, and again in January 2005, Plaintiff had breast excision surgery. AR 400, 352. Plaintiff underwent radiation therapy until April 2005 (AR 407), which was followed by a variety of ongoing cancer and pain medication (AR 494). Defendant does not dispute the dates of Plaintiff's cancer history, however argues that the treatment was "effective" within twelve months. The Court disagrees. Regardless of how long treatment took to become "effective", Plaintiff had cancer symptoms beginning at least in August 2003, and radiation therapy did not end until April 2005, well over one year later. Plaintiff's cancer medication continued thereafter. Thus, the ALJ's finding that Plaintiff's breast cancer was not severe because it was treated within twelve months is not based on substantial evidence in the record and is therefore in error. The Court also notes that other evidence presents strongly in favor of a finding of disability for that period. For example, in January 2004, Plaintiff's treating Nurse Practitioner, Nancy Lawton, found her severely limited and incapable of work for twelve months. AR 229-30. On remand, the ALJ should consult a medical expert to assist in making the determination whether Plaintiff was disabled due to breast cancer from the period before her diagnosis in 2003, through the time when her cancer treatment was complete in 2005.

  *B.* *Physician's Opinions*

  Plaintiff asserts that the ALJ erred in rejecting the opinions of her primary treating physician, Dr. Merel, and of examining physicians Dr. Hunter, Dr. Parker, and Dr. Miller. Because the Court remands for a reconsideration of Plaintiff's breast cancer condition, this issue need not be addressed at this juncture. However, the Court notes that the ALJ discounted or rejected the opinions of essentially all Plaintiff's treating and examining physicians, finding generally that the record does not support the degree of limitation they find. The ALJ only partially credits the opinion of state agency expert's finding that Plaintiff could only perform more sedentary work, and instead the ALJ found her capable of work with greater exertional capabilities. In support of the ALJ's finding that Plaintiff's activities show less limitation than she alleges, the ALJ repeatedly notes that Plaintiff was able to walk around Greenlake, ride an exercise bike, and travel between Montana and Seattle. However, the Court notes that Plaintiff's walks were brief and occasional, and she travelled by bus to visit her grandmother in Montana as

she died of breast cancer. The exercise bike was apparently part of her physical therapy regime for her knee complaints. The ALJ also notes that Plaintiff is now overweight and is noncompliant with physicians' recommendations regarding diet and exercise. The ALJ's finding appears inconsistent as it simultaneously faults Plaintiff for attempting exercise, but faults her for not following her doctor's exercise recommendations. On remand, the ALJ should carefully weigh the opinions of Plaintiff's treating physician, the examining physicians, and the state agency medical examiners. The ALJ should consult a medical expert to assist in making the overall disability determination.

## VII. CONCLUSION

For the reasons set forth above, the Commissioner's decision is REVERSED and the case is REMANDED for further administrative proceedings.

DATED this 28th day of August, 2008.

*/s/ Carolyn R. Dimmick*
Carolyn R. Dimmick
United States District Judge